IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACKIE LACKIE                                                                              PLAINTIFF

vs.                                    CASE No. 4:22cv711 JM

ERIC M. NOE, COLONEL, in his official
capacity as District Engineer, Little Rock
District, U.S. ARMY CORPS OF ENGINEERS;
and the U.S. DEPARTMENT OF THE ARMY                            DEFENDANTS

## ORDER

Pending are two motions filed by Defendants: a motion to dismiss Plaintiff's breach of contract claim (ECF No. 16) and a motion to vacate the Court's initial scheduling order and set a briefing schedule (ECF No. 18). Both are ripe for decision.

Plaintiff Jackie Lackie filed this action challenging the final decision by the U.S. Army Corps of Engineers, Little Rock ("USACE") to revoke his permit for a 2-slip boat dock and foot path on Greers Ferry Lake. Count I of his complaint is for judicial review pursuant to the Administrative Procedures Act ("APA"), and Count II alleges denial of due process in the lack of compliance with the formal hearing procedures under the APA. Lackie also brings a breach of contract claim (Count III) arising out of a settlement agreement he entered into with the USACE in which he paid $6, 017.28 for trees he cut on public land adjacent to his own. In his prayer for relief, he seeks to have the USACE order set aside and a dock permit reissued.

USACE moves to dismiss the breach of contract claim for lack of subject matter jurisdiction on the basis of sovereign immunity. Lackie relies on the Tucker Act, 28 U.S.C. § 1346(a)(2), to confer jurisdiction in this Court. However, "[t]he Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief." *Lee v. Thornton*, 420 U.S. 139, 140 (1975). "The prohibition against district court awards of equitable relief under §

1346(a) (2) stems from the fact that the jurisdiction of the district courts under the Act was made expressly concurrent with the Court of Claims' jurisdiction, and the Court of Claims has historically lacked power to grant equitable relief under § 1491(a)(1)." *Renfro v. Shinseki*, 2013 WL 2292026, at *6 (N.D. Fla. May 24, 2013) (citing *Richardson v. Morris,* 409 U.S. 464, 465-466 (1973). Lackie is not seeking damages for the alleged breach of contract, he is seeking an equitable relief. His reliance on *United States v. McInnes*, 556 F.2d 436 (9th Cir. 1977) is misplaced, as the plaintiffs there sought monetary damages in their action to enforce the settlement agreement with the United States. Defendants' motion to dismiss the breach of contract claim for lack of jurisdiction is granted.

USACE also seeks to vacate the order setting this action for a bench trial. Having dismissed the breach of contract claim, the remaining two claims will be resolved pursuant to the APA. Generally the court's review of an agency action is "limited to the administrative record that was before the agency when it made its decision, precluding a court from conducting a de novo trial and substituting its opinion for that of the agency. *McClung v. Paul*, 788 F.3d 822, 827 (8th Cir. 2015) (internal quotations omitted). An exception to this limitation applies "only under extraordinary circumstances" when the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004) (citation omitted). Lackie argues that additional discovery is warranted because the administrative record is incomplete and his complaint alleges bad faith of the USACE, citing *Pub. Power Council v. Johnson*, 674 F.2d 791 (9th Cir. 1982). To the extent that Lackie is at this time asking to supplement the record, the Court finds that Lackie's arguments do not establish a strong showing of an incomplete record or bad faith.

For the reasons stated above, Defendants' motion to dismiss Plaintiff's breach of contract claim (ECF No. 16) and their motion to vacate the Court's initial scheduling order and set a briefing schedule (ECF No. 18) are GRANTED.

The trial of this matter currently scheduled for November 13, 2023 will be removed from the Court's docket. The parties are given until May 4, 2023 to submit an agreed briefing schedule to the Court. In the absence of an agreed order, the Court will enter an order requiring that Plaintiff's brief be filed by June 15, 2023, Defendants' brief must be filed within 14 days after, and a reply brief may be filed within 7 days thereafter.

IT IS SO ORDERED this 25th day of April, 2023.

_____
THE HONORABLE JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE